DECISION
Defendant-appellant, Jerome Bailey, appeals from the judgment of the Franklin County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. Chapter 2950. For the reasons that follow, we affirm the judgment of the trial court.
On October 17, 1997, appellant was indicted on nineteen counts of rape of his natural daughter, all felonies of the first degree with a sexually violent predator specification pursuant to R.C. 2941.148. On June 1, 1998, appellant pleaded guilty to three counts of sexual battery, felonies of the third degree as defined in R.C. 2907.03. The following facts were set forth by the prosecution at the plea hearing:
 MR. LONGO: Thank you, Your Honor. On the 2nd of October, 1997, Detective Hunt from the Columbus Police Department Juvenile Bureau received a child abuse referral from Franklin County Children's Services that stated that Kameelah Salaam, the 17-year-old natural daughter of the defendant was being sexually abused by her father, Jerome Bailey.
 Referral stated Kammie, who was at that time nine months pregnant with her father's child, she also had another boy, I think a 19-month-old boy, at that time she was in Upham Hall and was suicidal, and at that time her father was unaware of the referral at Upham Hall. Kammie, Kameelah is known as Kammie, and her son, John, arrived in Columbus on the 6th of December, 1996.
 On the 31st of December, 1996, after watching movies on a TV and VCR, the only TV/VCR in the defendant's apartment, which was in his bedroom, she woke up to find the defendant fondling her. Jerome had intercourse with her on that occasion.
 Kammie stated it became almost habitual, sex every day from the 31st of December, 1996, until about September 20, 1997. Kammie said that the sexual conduct included vaginal intercourse, anal intercourse, fellatio and cunnilingus, stated the sex occurred approximately ten times a week, and there would always be at least two kinds of sex of the four each time.
 She noted that she was brought to Columbus because her mother was involved with Children's Services in Las Vegas, Nevada. They did a placement with natural father here in Columbus. The defendant made arrangements to have her come to Columbus. That is how she got into Columbus.
 The victim indicates her father is a former lieutenant, security guard with Columbus Metropolitan Housing Authority, that he kept a sawed-off shotgun in the apartment. He would take it, put it in his car when they left.
 She indicated he had on more than one occasion threatened Kammie and her son if she told. Jerome also told her he was going to take her and her son to a place in California where they wouldn't be able to tell anyone what was going on.
 She indicated to the police she feared Jerome. She was kept in the apartment for about ten months, allowed to leave on vary rare occasions, not allowed to have people over like friends her age. She indicated that when she did leave because she was taking classes for her GED at St. John's Learning Center, that he would accompany her, or when she would go to Lutheran Services to talk about adoption of the new baby he would go with her there.
 Lutheran Services stated Jerome was very controlling and overprotective of Kameelah, refusing to allow social workers and medical personnel to be alone with Kammie whenever it was possible for him to stay around.
 By late August Kammie became depressed and suicidal. She hinted to social workers there that there was was [sic] information she was unable to tell them. She had indicated she was raped, that's why she was pregnant, but she didn't tell them it was her father.
 On September 30, 1997, Kammie told a Netcare worker about her sexual abuse and her attempt to cut her wrist on a prior occasion. She was taken to Upham Hall. At that point in time she was nearly eight months pregnant.
 Your Honor, I have with regard to this plea I have spoken to Kameelah or Kammie. She is in Dayton in a Dayton Job Corps. She is in agreement with this plea. We have gone back and forth on different days talking about this plea. She is in agreement with this plea, and she would be here for sentencing award we are talking about a six-year sentence at a later date.
This occurred in Franklin County, Ohio.
 THE COURT: Mr. Shroyer, do you have any additions or exceptions to the facts as related?
 MR. SHROYER: Your Honor, it's been my client's position all along that we object to and have denied any type of forcible or threatening behavior on behalf of my client towards his daughter. And as far as the frequency of the sexual acts there is probably a dispute there.
 But for the most part for the purposes of the plea, my client I believe is agreeing there was sexual activity between he and his natural daughter.
 THE COURT: Mr. Bailey, are you basically agreeing with what Mr. Shroyer has just said?
THE DEFENDANT: Basically, yes, sir. [Tr. 11-15.]
The trial court accepted appellant's guilty plea and set the matter for a sexual predator hearing and for sentencing. On August 3, 1998, the trial court conducted a hearing to determine whether appellant was a sexual predator. At the hearing, the prosecution indicated that it had previously obtained a continuance to locate the victim. The victim was out of state, however, and consequently the state elected to go forward with the hearing without the victim being present and to rely on the facts as read into the record for purposes of the guilty plea. Neither the state nor appellant called any witnesses. Both sides presented arguments to the trial court, and the trial court found appellant to be a sexual predator.
Appellant appealed the trial court's determination, assigning as error the following:
 The trial court committed plain error by finding the defendant-appellant to be a sexual predator prior to conducting a hearing as required under R.C. 2950.09(B). Because no legitimate hearing was conducted and because the state did not produce any evidence, the trial court's finding that defendant was a sexual predator was based on insufficient evidence and in a direct contravention of the dictates of the statute.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The standard for determining whether the offender is a sexual predator is by clear and convincing evidence. R.C. 2950.09(B)(3). In making a determination as to whether an offender is a sexual predator, the trial judge must consider all relevant factors, including, but not limited to, the factors listed in R.C. 2950.09(B)(2):
(a) the offender's age;
 (b) the offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) the age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) any mental illness or mental disability of the offender;
 (h) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) any additional behavioral characteristics that contribute to the offender's conduct.
An appellate court in reviewing a finding that the appellant is a sexual predator must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. State v. Johnson
(Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported (1998 Opinions 4551). Appellant contends that in order for a trial court to conduct a "legitimate" sexual predator hearing, the parties must either stipulate to the facts or the state must call witnesses thereby allowing the defense to conduct a meaningful cross-examination. Appellant takes the position that the facts presented by the state during the plea are not sufficient facts from which the trial court could base its decision that appellant is a sexual predator. We disagree, finding: (1) that in some cases it may not be necessary to call witnesses; and (2) in this case the admitted facts were sufficient for the trial court to find appellant a sexual predator by clear and convincing evidence.
Cross-examination of the victim is not necessary for classification of convicted sex offenders if there is sufficient evidence in the record for the trial court to make its determination. The reluctance of a victim to testify in open court is often taken into consideration in plea negotiations involving sexually oriented offenses. While the statute provides that "the offender and the prosecutor have the opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine expert witnesses," they are not required to do so. R.C. 2950.09(B)(1) (emphasis added).
In State v. Cook (1998), 83 Ohio St.3d 404, 425, the Supreme Court of Ohio held that the Ohio Rules of Evidence do not strictly apply to sexual predator hearings, and, accordingly, reliable hearsay, such as a presentence investigation report, may be relied upon by a trial court in making a sexual predator determination. Thus, it is not per se prejudicial error for a trial court to base its determination upon evidence which could not be cross-examined. See, also, State v. Rice (Feb. 18, 1999), Cuyahoga App. No. 72685, unreported (no violation of due process for trial court to consider facts recounted by prosecution and presentence report in making sexual predator determination); Statev. Baughman (May 4, 1999), Franklin App. No. 98AP-929, unreported (1999 Opinions 1032) (not error to admit transcript from another trial involving a co-defendant).
In Baughman, this court also held that in a sexual predator determination hearing, the offender has the opportunity to attack evidence that contains statements not subject to cross-examination, has the opportunity to call his or her own witnesses, present his or her own evidence, and counter any erroneous information presented by the state. Id. Here, realizing the state bore the burden of proving its case by clear and convincing evidence, appellant did not present any evidence of his own and instead objected to the use of the facts recited at the plea hearing for purposes of making a sexual predator determination. The trial court overruled the objection finding that appellant's acquiescence to those facts at the time of the guilty plea constituted an admission on the part of appellant. The trial court then considered the facts set forth at the plea hearing in making its determination that appellant was a sexual predator.
Based on our review of the record, we conclude that appellant did not unequivocally acquiesce to the facts as recited by the prosecution at the plea hearing. However, even without the facts recited by the prosecution, the trial court had before it appellant's admission that appellant was forty-five-years old, that he had a prior conviction for "insufficient funds dealing with a check," and that he had engaged in sexual activity with his seventeen-year-old natural daughter on numerous occasions. Appellant's guilty plea to three counts of sexual battery with his natural daughter was a complete admission that appellant was "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense." With respect to appellant's likelihood to reoffend, the trial court found:
 * * * I can't think of anything in the world that should in the first instance prevent this kind of behavior any stronger than the bond that there should be between a father and a child. And if that bond is not enough to prevent this kind of behavior, then I think it's highly likely this kind of behavior will repeat itself in the future. [Tr. 9-10.]
Under these circumstances, the trial court had before it sufficient evidence from which the trial court could conclude that appellant "is likely to engage in the future in one or more sexually oriented offenses" by clear and convincing evidence. Accordingly, the assignment of error is not well-taken.
Based on the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and PETREE, JJ., concur.